FILED by *CG* D.C.
ELECTRONIC

JAN 3, 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**08-20015-CR-COOKE/BROWN**

CASE NO. _____

18 U.S.C. § 1029(b)(2)
18 U.S.C. § 1029(a)(1)
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1028A(a)(1)

**UNITED STATES OF AMERICA**

vs.

**OCTAVIO DELEMOS,
RUDDY PEREZ-ESPINAL, and
ALFREDO DALMAU,**

**Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

On or about December 11, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**OCTAVIO DELEMOS,
RUDDY PEREZ-ESPINAL, and
ALFREDO DALMAU,**

did knowingly and willfully combine, conspire, confederate, and agree with each other to commit violations of Title 18, United States Code, Section 1029(a), namely:

(1) to knowingly and with intent to defraud produce, use, and traffic in one or more counterfeit access devices, said conduct affecting interstate and foreign commerce, in violation of

Title 18, United States Code, Section 1029(a)(1),

(2) to knowingly and with intent to defraud possess fifteen or more counterfeit and unauthorized access devices, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to achieve the objects and purpose thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others.

1. On or about December 11, 2007, **OCTAVIO DELEMOS** maintained in his possession a counterfeit credit card bearing the number XXXX XXXXXX X1004.

2. On or about December 11, 2007, **RUDDY PEREZ-ESPINAL** maintained in his possession a counterfeit credit card bearing the number XXXX XXXXXXX 2016.

3. On or about December 11, 2007, **ALFREDO DALMAU** maintained in his possession a counterfeit credit card bearing the number XXXX XXXXXX X1011.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT 2

On or about December 11, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**OCTAVIO DELEMOS,
RUDDY PEREZ-ESPINAL, and
ALFREDO DALMAU,**

did knowingly and with intent to defraud produce, use, and traffic in one or more counterfeit access devices, said conduct affecting interstate and foreign commerce, in violation of Title 18, United

States Code, Section 1029(a)(1).

## COUNT 3

On or about December 11, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**OCTAVIO DELEMOS,
RUDDY PEREZ-ESPINAL, and
ALFREDO DALMAU,**

did knowingly and with intent to defraud possess fifteen or more counterfeit and unauthorized access devices, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

## COUNT 4

On or about December 11, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**OCTAVIO DELEMOS,**

during and in relation to a felony violation, that is, producing, using, and trafficking in one or more counterfeit access devices, in violation of Title 18, United States Code, Section 1029(a)(1), knowingly transferred, possessed, and used, without lawful authority, the means of identification of another person, that is credit card number XXXX XXXXXX X1004, belonging to "G.B.," in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNTS 5-7

On or about December 11, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RUDDY PEREZ-ESPINAL,**

3

during and in relation to a felony violation, that is, producing, using, and trafficking in one or more counterfeit access devices, in violation of Title 18, United States Code, Section 1029(a)(1), knowingly transferred, possessed, and used, without lawful authority, the means of identification of another person specified as to each Count below:

| Count | Last Four Digits of Credit Card Number | Account Holder |
|---|---|---|
| 5 | XXXX XXXXXXX 2016 | "D.K." |
| 6 | XXXX XXXX XXXX 6453 | "J.D." |
| 7 | XXXX XXXXXXX 2002 | "G.R." |

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNTS 8-9

On or about December 11, 2007, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RUDDY-PEREZ ESPINAL,**

during and in relation to a felony violation, that is, producing, using, and trafficking in one or more counterfeit access devices, in violation of Title 18, United States Code, Section 1029(a)(1), knowingly transferred, possessed, and used, without lawful authority, the means of identification of another person set forth below, in violation of Title 18, United States Code, Section 1028A(a)(1).

| Count | Last Four Digits of Credit Card Number | Account Holder |
|---|---|---|
| 8 | XXXX XXXXXX X1011 | "M.Y." |
| 9 | XXXX XXXXXX X7018 | "D.J.P." |

## CRIMINAL FORFEITURE

A.   The allegations of Counts 1 through 3 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which the defendants have an interest, pursuant to the provisions of Title 18, United States Code, Sections 1029(c)(1)(C) and (c)(2) and 982(a)(2)(B) and (b), and the procedures outlined at Title 21, United States Code, Section 853.

B.   Upon conviction of any of the violations alleged in Counts 1 through 3 of the Indictment, the defendants, **OCTAVIO DELEMOS, RUDDY PEREZ-ESPINAL, and ALFREDO DALMAU**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property which the defendant used or intended to be used to commit such violation and, pursuant to Title 18, United States Code, Section, 982(a)(2)(B), any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, as the result of such violation. The property subject to forfeiture includes, but is not limited to, the following items seized on or about December 11, 2007:

1. a silver Toshiba laptop computer, serial number 35164242H;

2. an iPhone cellular telephone, serial number 7R726HZDVR0;

3. a black Sony Recordable MiniDisk storage device, serial number C14B6295;

4. a SanDisk micro SD/ TransFlash adapter, serial number 2007-01-15C;

5. a SanDisk micro SD 2.0 GB storage device, serial number 07002017325;

6. an Apple 15-inch MacBook Pro Laptop computer, serial number W87401XQX92;

7. a Hewlett-Packard Laptop computer, serial number CNF7040CTQ;

5

8. a Sony Laptop computer, serial number 28247235-3007092;

9. a Sony Laptop computer, serial number 28201033-3000958;

10. an Apple 15-inch MacBook Pro laptop computer, serial number W8722DSVX92; and

11. a 1GB USB Digital Media Storage Device marked JF210.

C. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred to, sold to, or deposited with a third person;

    C. has been placed beyond the jurisdiction of the Court;

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forefeitable property and, in addition, to require the defendant to return any such property to the jurisdiction of the Court for seizure and forfeiture.

All pursuant to Title 18, United States Code, Sections 1029(c)(1)(C) and 982(a)(2)(B), and Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 1029(c)(2) and 982(b).

A TRUE BILL

_____
FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
SCOTT M. EDENFIELD
ASSISTANT UNITED STATES ATTORNEY

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.

## CERTIFICATE OF TRIAL ATTORNEY*

OCTAVIO DELEMOS,
RUDDY PEREZ-ESPINAL, and
ALFREDO DALMAU,

              **Defendants.**
_____/

**Superseding Case Information:**

**Court Division:** (Select One)

  _X_ Miami   ___ Key West
  ___ FTL   ___ WPB   ___ FTP

New Defendant(s)   Yes ___   No ___
Number of New Defendants   ___
Total number of counts   ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   Yes
   List language and/or dialect   Spanish

4. This case will take   _2-3_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)             (Check only one)

   | | | | |
   |---|---|---|---|
   | I | 0 to 5 days | _X_ | Petty ___ |
   | II | 6 to 10 days | ___ | Minor ___ |
   | III | 11 to 20 days | ___ | Misdem. ___ |
   | IV | 21 to 60 days | ___ | Felony _X_ |
   | V | 61 days and over | | |

6. Has this case been previously filed in this District Court? (Yes or No)   _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)   _Yes_
   If yes:
   Magistrate Case No.   07-3512-Dubé
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of   December 11, 2007
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ___ Yes   _X_ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes   _X_ No
   If yes, was it pending in the Central Region? ___ Yes ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes   _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? ___ Yes   _X_ No

11. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes   _X_ No

                              _[signature]_
                              SCOTT M. EDENFIELD
                              ASSISTANT UNITED STATES ATTORNEY
                              Court ID No. A5501041

*Penalty Sheet(s) attached                               REV.9/11/07

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** OCTAVIO DELEMOS

**Case No:**

Count #:1

Conspiracy to produce counterfeit access devices and to possess fifteen or more access devices

Title 18, United States Code, Section 1029(b)(2)

**\*Max. Penalty:** 5 Years' Imprisonment

Count #:2

Producing counterfeit access devices

Title 18, United States Code, Section 1029(a)(1)

**\*Max. Penalty:** 10 Years' Imprisonment

Count #:3

Possessing fifteen or more unauthorized access devices

Title 18, United States Code, Section 1029(a)(3)

**\*Max. Penalty:** 10 Years' Imprisonment

Counts #:4

Aggravated identity theft

Title 18, United States Code, Section 1028A(a)(1)

**\*Max. Penalty:** 2 Years' Consecutive Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: RUDDY PEREZ-ESPINAL

Case No: 

Count #:1

Conspiracy to produce counterfeit access devices and to possess fifteen or more access devices

Title 18, United States Code, Section 1029(b)(2)

**\*Max. Penalty:** 5 Years' Imprisonment

Count #:2

Producing counterfeit access devices

Title 18, United States Code, Section 1029(a)(1)

**\*Max. Penalty:** 10 Years' Imprisonment

Count #:3

Possessing fifteen or more unauthorized access devices

Title 18, United States Code, Section 1029(a)(3)

**\*Max. Penalty:** 10 Years' Imprisonment

Counts #:5-7

Aggravated identity theft

Title 18, United States Code, Section 1028A(a)(1)

**\*Max. Penalty:** 2 Years' Consecutive Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

PENALTY SHEET

**Defendant's Name:** ALFREDO DALMAU

**Case No:** _____

Count #:1

Conspiracy to produce counterfeit access devices and to possess fifteen or more access devices

Title 18, United States Code, Section 1029(b)(2)

**\*Max. Penalty:** 5 Years' Imprisonment

Count #:2

Producing counterfeit access devices

Title 18, United States Code, Section 1029(a)(1)

**\*Max. Penalty:** 10 Years' Imprisonment

Count #:3

Possessing fifteen or more unauthorized access devices

Title 18, United States Code, Section 1029(a)(3)

**\*Max. Penalty:** 10 Years' Imprisonment

Counts #:8-9

Aggravated identity theft

Title 18, United States Code, Section 1028A(a)(1)

**\*Max. Penalty:** 2 Years' Consecutive Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.