UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-20015-CR-COOKE

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

v.

**OCTAVIO DE LEMOS,**
        **Defendant.**
_____/

**DEFENDANT'S OBJECTIONS TO THE
PRE-SENTENCE INVESTIGATION**

COMES NOW, **OCTAVIO DE LEMOS**, by counsel, and respectfully files his Objections to the Pre-Sentence Investigation Report states as follows:

1. De Lemos objects to paragraph 16 and 25 which discuss the role played by the defendants in the offense. De Lemos submits that he played a lesser role than his Co-Defendants and that his guidelines calculation should reflect that.

2. De Lemos objects to the conclusion in paragraph 20 and submits that he should be awarded credit for acceptance of responsibility.

3. De Lemos believes that there are mistakes in paragraphs 5 and 7 of the Pre-Sentence Investigation Report where conduct is attributed to him but should be attributed to Co-Defendant Dalmau. These two corrections to the report do not effect

the guidelines calculation in any way.

# FACTS

From October of 2006 until his arrest in this case, Octavio De Lemos lived in the house where the evidence that supports the charges in this case was found. The house is located in Doral and his father purchased the residence pre-construction. Prior to living at the Doral home, he lived in an apartment at the Fountainbleau neighborhood where he had three off and on roommates, one of whom was Co-Defendant Ruddy Perez-Espinal. Octavio met Co-Defendant Alfredo Dalmau through Ruddy. Alfredo Dalmau was a guest at the house at the time of the arrest. Dalmau was not a roommate. It was common knowledge that Alfredo Dalmau was involved in the use of fraudulent credit card and Octavio knew that Dalmau and Ruddy Perez-Espinal had been involved in the fraudulent use of credit cards for about a year. Alfredo Dalmau provided Octavio De lemos with a fraudulent credit and identification card with De Lemos's photo. De Lemos never used the fraudulent credit card and identification.

In late 2007, De Lemos traveled to the Dominican Republic to visit family. Upon his return he found the residence in a state of disarray and that Ruddy Espinal had allowed Alfredo Dalmau to temporarily stay at the residence. He also

found evidence of fraudulent purchases by Dalmau and Perez-Espinal. Days after De Lemos's return from his trip, on December 11, 2007, law enforcement executed a warrant to search the residence  Inside, law enforcement found thousands of blank card stock, numerous tipping foils to make the card stock look like real credit cards, materials for making signature blocks, a computer storing credit card numbers, partially-completed credit cards, and thirteen fully completed cards.  A search of the computer which belonged to Co-Defendant Alfredo Dalmau  revealed 3,076 stolen Discover numbers and 377 stolen American Express numbers. Counsel believes that these items were found in a closet and that Octavio De Lemos did not know that these items were inside the house and had no inkling as to the *extent* of Dalmau's fraudulent credit card enterprise.

   Octavio De Lemos absolutely knew of Dalmau and Perez Espinal's fraudulent credit card activities, allowed them to remain in the house and although he did not use them, he knew the credit card and identification provided to him by Dalmau were fraudulent. De Lemos was not involved in the fraudulent purchases nor in their planning. He was not involved in the distribution or re-sale of those purchased items. Although De Lemos received rent from Perez-Espinal, De Lemos received no financial gain from the fraudulent use of credit cards, had no equity interest in the items purchased nor in the future use of the cards.

Octavio De Lemos fled from this jurisdiction after being released on bond. By doing so he obstructed justice and is being penalized for that in the guidelines calculation. Since his re-arrest he has done all that is in his power to rectify his having fled. He has provided to the government all details that he knows of the scheme to commit credit card fraud in the instant offense and of the execution of the plan to flee the United States jurisdiction.

## MEMORANDUM

### ROLE IN THE OFFENSE

Octavio De Lemos submits that a minor or minimal role adjustment would be appropriate when this Court considers the factors previously set forth by the Eleventh Circuit in *United States v. Rodriguez de Varon*, 175 F.3d 930 (11th Cir. 1999)(*en banc*). There the Court set forth a two step analysis to determine whether a minor or minimal role adjustment is warranted: (1) the defendant's role in the relevant conduct, and (2) the defendant's role in the relevant conduct as compared to other participants in the relevant conduct. The court listed several factors that should be considered in making the determination of whether or not the defendant qualifies for a mitigating role adjustment. These include: amount of drugs involved, fair market value of the drugs, amount of money paid to the courier, equity interest in the drugs, role in

4

planning the scheme, and role in distribution. *Id*. At 945.

Although *de Varon* was a narcotics smuggling case, the legal analysis translates easily to the facts in this case. Octavio's role in the relevant conduct is limited to allowing the Co-Defendants to live (Perez-Espinal) and temporarily stay as a guest (Dalmau) at the residence and knowingly allowing them to maintain the items purchased with the fraudulent credit cards at the residence. He also possessed a fraudulent credit card and corresponding identification but never used them.

Comparing Octavio's role with his Co-Defendants supports a finding that he had a mitigating role in this offense. Counsel believes that the evidence shows that Dalmau owned and operated all of the credit card making devices and equipment. Dalmau obtained the thousands of credit card numbers of which De Lemos had no knowledge. Dalmau and Perez-Espinal made many purchases with numerous false credit cards. De Lemos made none. Dalmau re-sold items purchased with the fraudulent credit cards with no assistance from De Lemos. De Lemos did not have a financial stake in the enterprise nor did he have an equity or ownership interest in the device making equipment.

Based on De Lemos's limited knowledge of the scope of Dalmau's activities, his lack of participation in the purchase and distribution of the fraudulently acquired items and his lack of any financial stake in the fraudulent scheme he submits that a

5

mitigating role adjustment is warranted.

## ACCEPTANCE OF RESPONSIBILITY

Octavio De Lemos fled from this jurisdiction after being released on bond. . By doing so he obstructed justice and is being penalized for that in the guidelines calculation. According to the commentary to the Guidelines, (Section 3E1.1, note 4) the enhancement for obstruction of justice ordinarily indicates that the Defendant has not accepted responsibility for his criminal conduct. The commentary does recognize, however, that in the ***extraordinary case*** there are circumstances where both the obstruction increase and the acceptance of responsibility reduction can apply. The guidelines are silent as to what constitutes the "extraordinary case."

The Eleventh Circuit has discussed what an "extraordinary case" is in terms of the conflict between the obstruction enhancement and the acceptance of responsibility reduction. The Court has found that merely pleading guilty without more does not make an "extraordinary case." See, *United States v. Beriguete* (unpublished) 342 Fed.Appx. 576, 2009 WL 2568276 (C.A.11). The Court has held that the adjustment for acceptance of responsibility is not appropriate where defendant repeatedly made materially false statements to authorities and district court, resulting in enhancement for obstruction of justice. *United States v. Arguedas*, 86 F.3d 1054, (11th Cir. 1996),

6

*United States v. Amadeo*, 370 F.3d 1305 (11th Cir. 2004). Counsel has found a large number of unreported cases that discuss what is **not** an "extraordinary case," but no case where the Court discussed what **is** an "extraordinary case."

De Lemos's case is extraordinary because since his re-arrest he has done all that is in his power to rectify his having absconded. that he knows of the scheme to commit credit card fraud in the instant offense. He has provided to the government all details of the execution of the plan to flee the United States jurisdiction. He has also made himself available to assist in the prosecution of a state case that is tangentially related to this case. He has been subjected to depositions by the Defendants in the State matter and remains willing to assist in that unresolved case. De Lemos submits that in terms of the conflicting issues involved in his obstruction and his acceptance of responsibility, his is an extraordinary case where the Guidelines reduction for acceptance of responsibility should be awarded. Counsel has found no case where this issue has arisen and the Defendant was cooperating fully with authorities. Counsel submits that this fact distinguishes his case and makes it extraordinary.

WHEREFORE, Octavio De Lemos respectfully requests that this Court grant his objections to the Pre-Sentence Investigation Report and reduce the Guidelines calculation accordingly.

Respectfully submitted,

BY:   *s/ Hector L. Flores*
Hector L. Flores
Florida Bar No. 0633755
169 East Flagler Street
Suite 1200
Miami, Florida 33131-1205
Tel: 305-374-3998
Fax: 305-374-6668
E-Mail Address: hectorflores@barzeeflores.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that on February 26, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Hector L. Flores
Hector L. Flores

C:\Users\Hector\Documents\Cases\Octavio De Lemos\minor role\De Lemos Objections.wpd